Denise SCHMIDT, Plaintiff—Appellant,

v.

CONTRA COSTA COUNTY; et al., Defendants—Appellees.

No. 06–17382.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 21, 2009.

Geoffrey M. Faust, Esquire, Law Offices, Clayton, CA, Paul N. Halvonik, Esquire, Halvonik & Halvonik, Berkeley, CA, for Plaintiff–Appellant.

Monika L. Cooper, Esquire, Martinez, CA, Joseph E. Wiley, Esquire, Wiley, Price and Radulovich, LLP, Alameda, CA, for Defendants–Appellees.

Before: CANBY and WARDLAW,

Circuit Judges, and MILLS,* District Judge.

### MEMORANDUM **

Denise Schmidt appeals the district court's dismissal of her claims against Contra Costa County, the chief executive officer of the Contra Costa County Superior Court, and four Superior Court judges pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction to hear Schmidt's appeal under 28 U.S.C. § 1291 and 28 U.S.C. § 1367. Our review is de novo, *Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.2003), and we reverse.

■ The district court improperly reviewed and relied on matters outside the pleadings in deciding the defendants' 12(b)(6) motions. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). For example, in discussing Schmidt's § 1983 claim against Contra Costa County, the court noted that "[a]lthough the [amended complaint] did not so allege, documents produced in the course of discovery do suggest that Mary Ann Mason, deputy county counsel for [the] County, participated in drafting and commenting on the personnel policy." In support, the district court cited an email written to Mason and defendants Ken Torre and Laurel Brady that was attached as an exhibit to a declaration filed by Schmidt's counsel. It is therefore apparent that the district court improperly treated the motion as one for summary judgment under Federal Rule of Civil Procedure 56.

Although "[w]e do not require strict adherence to formal notice requirements" for purposes of converting a 12(b)(6) motion into one for summary judgment, *Olsen v. Idaho Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004), Schmidt was not "fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment," *id.* (internal quotation marks omitted). We recognize that Schmidt was the one who submitted the material outside the pleadings on which the court relied, and that we have found notice to be sufficient in such circumstances. *See, e.g., id.; San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998). However, based on the lack of a complete record, we conclude that Schmidt could not have been on notice. The defendants have yet to produce even the personnel policy that lies at the heart of Schmidt's claims.

Schmidt was prejudiced when the district court repeatedly discussed the personnel policy as if it were in evidence. For instance, the court noted that "[t]he policy here does no more than require subordinate judicial officers to hold active bar status," and that "the policy applies to the public at large"—notwithstanding the fact that the policy was not in evidence and Schmidt has not seen it.

■ Moreover, the district court erred in requiring Schmidt to provide evidence to support some of her claims. As to Schmidt's claim under 42 U.S.C. § 1983, the court stated that "there is no evidence to suggest [Schmidt] was denied equal pro-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tection because the new policy was applied unfairly." A Rule (12)(b)(6) dismissal cannot be based on a failure to produce evidence. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Finally, Schmidt's complaint is at least sufficient to state a § 1983 claim for retaliation based on her exercise of First Amendment rights under federal pleading standards. The district court's conclusion that Schmidt failed to plead a First Amendment claim is at odds with *Pickering v. Board of Education,* 391 U.S. 563, 574–75, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).[1]

**REVERSED and REMANDED for further proceedings.**

---

1. Because we reverse principally on procedural grounds, we do not reach the merits of each of Schmidt's claims.

